**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA**
        Plaintiff,

   v.                                          Case No. 04-CR-52

**LORETO GARCIA**
        **Defendant.**

---

**SENTENCING MEMORANDUM**

Defendant Loreto Garcia pleaded guilty to conspiracy to distribute five kilograms or more of cocaine. 21 U.S.C. § 841(b)(1)(A). His offense level under the sentencing guidelines was 27: base level 32, U.S.S.G. § 2D1.1(c)(4), minus 2 because defendant qualified for the safety valve, §§ 2D1.1(b)(6); 5C1.2, and minus 3 for acceptance of responsibility, § 3E1.1; and his criminal history category was I, producing an imprisonment range of 70-87 months.

In imposing sentence, I must consider the factors set forth in 18 U.S.C. § 3553(a), which include:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the need for the sentence imposed--
        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        (B) to afford adequate deterrence to criminal conduct;
        (C) to protect the public from further crimes of the defendant; and
        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3)    the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

I consider the statutory factors sequentially. First, I consider the specifics of the case, i.e. the nature and circumstances of the offense and the history and characteristics of the defendant. Second, I consider the facts of the case in light of the purposes of sentencing and the needs of the public and any victims. Finally, I translate my findings and impressions into a numerical sentence. In so doing, I take into account the kinds of sentences available, the sentencing range established by the Sentencing Commission, any pertinent policy statements issued by the Commission, and any restitution due the victims of the offense. In imposing a specific sentence, I also seek to avoid unwarranted sentence disparities. United States v. Leroy, 373 F. Supp. 2d 887, 894-95 (E.D. Wis. 2005); see also United States v. Ranum, 353 F. Supp. 2d 984, 989 (E.D. Wis. 2005). My ultimate task is, after considering all of the above circumstances, to impose a sentence sufficient but not greater than necessary to comply with the purposes of sentencing set forth in § 3553(a)(2). United States v. Galvez-Barrios, 355 F. Supp. 2d 958, 960 (E.D. Wis. 2005).

## I. SPECIFICS OF CASE

### A. Nature of Offense

Defendant and his brother and co-defendant Ernesto supplied Marvel Belser, a large-scale drug dealer in the Milwaukee area, with 10.5 kilograms of cocaine during the course of six deliveries over more than a year. Although the amount involved was fairly

large, there was no indication of weapon possession, violence or threats, which were mitigating factors.

The parties agreed that defendant played a lesser role in the offense than his brother Ernesto. Specifically, Ernesto had more contact with Belser, particularly towards the end of the relationship, and defendant for the most part followed his brother's lead, delivering or assisting to deliver cocaine after Ernesto had negotiated the terms.

**B.     Character of Defendant**

Defendant was 39 years old and had no prior record. He came to this country from Mexico in 1988, obtained a green card and became a permanent resident. He was steadily and lawfully employed during his time in this country, and filed and paid taxes. Nevertheless, he was likely be deported based on this offense. Defendant was married and had two young children, with whom he was living before his arrest. His wife and kids had returned to Mexico and were awaiting him there, although defendant would due to deportation be separated from other family members who lived in the United States.

Upon his arrest, defendant cooperated with the government, providing all information he had about the offense, thereby qualifying for the safety valve reduction.

## II. PURPOSES OF SENTENCING AND NEEDS OF PUBLIC

Defendant was not dangerous and was unlikely to re-offend. However, there was a need for a substantial period of confinement to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. There was no restitution due, though defendant did agree to re-pay $10,000 in buy money as a condition

of supervised release. He did not appear to have any substance abuse issues nor any particular correctional or treatment needs.

### III. IMPOSITION OF SENTENCE

The guidelines called for a term of 70-87 months. I found that a sentence within that range would be slightly greater than necessary to satisfy the purposes of sentencing. First, the range did not take into account defendant's positive personal characteristics. He came to this country legally in an effort to better his life, worked hard and paid taxes. He committed no other crimes. But because of this offense he would be deported and have to return to Mexico. Second, defendant's brother Ernesto received a sentence of 60 months, and the parties agreed that Ernesto was more culpable than defendant. Although there were some differences between the two – for example, Ernesto's children would remain in the United States after he was deported while defendant's awaited him in Mexico – I could not ignore the fact the Ernesto was more involved in the criminal conduct and defendant essentially followed his lead. Thus, in order to impose a sentence that properly reflected defendant's culpability in this conspiracy and to avoid unwarranted disparity, I imposed a slightly lower sentence in his case.

Thus, for the foregoing reasons, I committed defendant to the custody of the Bureau of Prisons for 55 months. Other conditions of the sentence appear in the judgment.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin, this 2nd day of September, 2005.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge